Defendant-Appellant, George Hedrick, appeals the sentences imposed by the Summit County Court of Common Pleas. We affirm.
On January 2, 1998, Defendant pleaded guilty to two counts of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(1)(b) and two counts of gross sexual imposition, a felony of the third degree, in violation of R.C.2907.05(A)(4). These charges involved Defendant's conduct with his stepdaughter during 1992. At that time, his stepdaughter was nine years old. Defendant also pleaded guilty to one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1). This charge arose out of subsequent conduct with the same stepdaughter during 1997.
On January 30, 1998, Defendant appeared for sentencing. During the sentencing hearing, the trial court permitted the victim's aunt to read a statement on behalf of the victim. The aunt then followed with a brief statement of her own. The victim's cousin was also permitted to make a statement, in which she referred to allegations that she had also been a victim of Defendant's abuse. The trial court then sentenced Defendant to prison terms of two years on each count of sexual battery and gross sexual imposition arising from offenses that occurred in 1992. He was sentenced to an additional eighteen months of incarceration for the count of gross sexual imposition arising out of conduct occurring in 1997. The court ordered all of these prison terms to be served consecutively. Defendant timely appealed and has raised two assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Defendant] by allowing two members of the victim's family to address the court during the victim impact statement and comment on irrelevant and highly prejudicial matters.
R.C. 2930.14(A) provides that "[b]efore imposing sentence upon a defendant for the commission of a crime, the court shall permit the victim of the crime to make a statement." A victim may opt to designate a representative to do so, but if more than one person steps forward to act as representative, the court must designate one. See R.C. 2930.02(A). These provisions became effective July 1, 1996, and are applicable only to the crime committed by Defendant in 1997. Ohio did not statutorily permit a victim impact statement to be presented orally in court during sentencing prior to 1994.
In Booth v. Maryland (1987), 482 U.S. 496, 509,96 L.Ed.2d 440, 452, the United States Supreme Court held that the introduction of a victim impact statement during the sentencing phase of a capital case violates the Eighth Amendment. The Court noted, however, that:
 Our disapproval of victim impact statements at the sentencing phase of a capital case does not mean, however, that this type of information will never be relevant in any context. * * * Facts about the victim and family also may be relevant in a noncapital criminal trial.
Id. at 507, 96 L.Ed.2d at 451 fn. 10. The holding of Booth was overturned in Payne v. Tennessee (1991), 501 U.S. 808, 827,115 L.Ed.2d 720, 736, in which the Court stated that "if the State chooses to permit the admission of victim impact evidence * * *, the Eighth Amendment erects no per se bar. * * * There is no reason to treat such evidence differently than other relevant evidence is treated." The Court noted that victim impact evidence that is so unduly prejudicial as to render a trial fundamentally unfair could constitute a denial of due process.Id. at 825, 115 L.Ed.2d at 735.
Defendant did not object to the presentation the victim impact statements during sentencing. As such, this court will only recognize his later objections to the extent that the trial court's action constituted plain error. State v. Campbell
(1994), 69 Ohio St.3d 38, 40-41; Crim.R. 52(B). We recognize plain error only in the rare case where, but for the alleged error, the outcome of the proceeding would have been different.State v. Long (1978), 53 Ohio St.2d 91, paragraphs two and three of the syllabus.
Defendant pleaded guilty to five charges of sexual misconduct with his stepdaughter that occurred over a period from 1992 to 1997. The victim stated, through Ms. Sanders, that Defendant had threatened her. She characterized her experience as "a life of fear." Assuming, arguendo, that the trial court erred by permitting both Ms. Sanders and Ms. Jobson to make statements during the sentencing hearing, there is no indication that the outcome of the hearing would have been different but for this error. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred and abused its discretion by sentencing [Defendant] to consecutive maximum prison terms on each count.
Defendant's second assignment of error is that the trial court abused its discretion and failed to make the findings necessary to impose maximum and consecutive prison terms. In sentencing Defendant, the trial court was required to apply the sentencing provisions of S.B. 2 to the offense that occurred after the effective date of the sentencing provisions but not to those that occurred in 1992. See State v. Rush
(1998), 83 Ohio St.3d 53, paragraph two of the syllabus. The standards of review applied by this court are also different. Because our discussion of Defendant's sentence for the 1997 offense is dispositive of the issues with respect to the 1992 offenses, we address the later offense first.
When a defendant has been sentenced to a prison term for a fourth degree felony, R.C. 2953.08(G)(1)(b) provides that the court hearing a sentencing appeal may modify, vacate, or remand a sentence to the trial court upon concluding, by clear and convincing evidence, that the trial court did not make a finding under R.C. 2929.13(B)(1). We must also find that either (1) the procedures for imposing a prison term under R.C. 2929.13(B) were not followed, or (2) the appropriate procedures were followed, but the outcome lacked a sufficient basis.
Defendant pleaded guilty to one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1). A defendant may be sentenced to a prison term of six to eighteen months for a felony of the fourth degree. R.C. 2929.14(A)(4). A defendant must be sentenced to the minimum prison term provided unless the trial court finds that the shortest allowable term would either demean the seriousness of the offense or would not adequately protect the public from future crime by the defendant or others. R.C.2929.14(B). The trial court may sentence a defendant to the maximum allowable prison term for a felony of the fourth degree upon finding that the defendant committed the worst form of the offense or poses the greatest likelihood of recidivism. R.C. 2929.14(B).
Pursuant to R.C. 2929.13(B), the trial court noted that Defendant pleaded guilty to a sex offense in violation of R.C.2907.05(A)(1); that Defendant is not amenable to community control; and that a prison term is consistent with the underlying principles of sentencing. The court also noted that Defendant's acts inflicted extreme emotional harm on the victim. The trial court sentenced Defendant to the maximum sentence of eighteen months after finding that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public and that he poses the greatest likelihood of recidivism.
If the court finds that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and are necessary to protect the public from future crime or to punish the offender, the court may impose consecutive sentences if:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(3). In this case, the trial court found that "a consecutive sentence is necessary and not disproportionate to the conduct of the offender and the danger posed by the offender * * * [and] that the harm to the victim in this case was so great that a single term does not adequately reflect the seriousness of [Defendant's] conduct."
The trial court, therefore, made each of the findings required to impose maximum and consecutive sentences under R.C. 2929.14. The record indicates that the trial court reviewed the presentence investigation report and that the court's findings were supported by the evidence. The trial court complied with the procedures of R.C. 2929.13, and Defendant's sentence of eighteen months was supported by the record.
Prior to the amendment of R.C. 2953.08, effective January 1, 1997, this court would not disturb the sentence absent an abuse of the trial court's discretion. See State v. Keaton
(1996), 113 Ohio App.3d 696, 707. Previously R.C. 2929.12(B) provided that the trial court's discretion in imposing a longer term of imprisonment for a felony was to be guided by: (1) whether the defendant was a repeat or dangerous offender; (2) the age of the victim; and (3) whether the victim suffered severe social, psychological, physical, or economic injury.
In this case, the trial court's findings, detailedsupra, are sufficient to indicate that the trial court did not abuse its discretion by imposing consecutive, two-year sentences for the offenses that occurred in 1992. Defendant's second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
MAHONEY, J., CACIOPPO, J., CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)